IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
MAR 05 2024
KEVIN P. WEIMER, Clerk
By:

| | |
|---|---|
| TRACY HARRIS<br>　　Plaintiff,<br><br>v.<br><br>FBCS INC., TRANSUNION LLC.,<br>　　Defendants. | ) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) Case No.<br>)<br>) 1:24-cv-0970<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff Tracy Harris an individual consumer, against Defendant, FBCS INC., (hereinafter "FBCS") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

2. This is an action for actual and statutory brought by Plaintiff Tracy Harris an individual consumer, against Defendant, Transunion LLC., (hereinafter "Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

1

## II. JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business in Atlanta, Georgia, and the conduct complained of occurred in Atlanta, Georgia.

## III. PARTIES

4. Plaintiff Tracy Harris (hereinafter "Mr. Harris") is a natural person residing in Atlanta, Georgia. Mr. Harris is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

5. Upon information and belief, Defendant FBCS is a Pennsylvania corporation with its principal place of business located at 330 S. Warminster Rd., Suite 353, Hatboro, PA 19040.

6. Upon information and belief, Defendant Transunion is a Delaware Limited Liability Company duly authorized and qualified to do business in the State of Georgia.

## IV. FACTS OF THE COMPLAINT

7. On 8/31/2023 Plaintiff reviewed his Transunion Credit Report.

8. In the report Plaintiff noticed an unauthorized inquiry from FBCS.

9. Plaintiff does not and has never had an "account" with FBCS.

10. Plaintiff did not apply for credit with FBCS.

2

11. FBCS was not collecting on any debt that the Plaintiff owed.

12. FBCS obtained the Plaintiff's report for an impermissible purpose.

13. FBCS never received authorization from the Plaintiff to access his consumer reports.

14. FBCS did not make a firm offer of credit to Plaintiff.

15. FBCS knew or should have known that they were not requesting the Plaintiff's report for a permissible purpose.

16. "While [i]t is well established that a debt collection agency has the right to obtain a credit report [under this provision] so long as it is done in connection with efforts to review or collect an account." *Searle v. Convergent Outsourcing, Inc.*, No. 13-cv-11914, 2014 WL 4471522, *3 (D. Mass. June 12, 2014)

17. Discovery will show Plaintiff never held an account with FBCS. The FCRA provides a specific, narrow definition of that term, which encompasses only a "*demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in [15 U.S.C. § 1602(j)]), as described in regulations of the Bureau [of Consumer Financial Protection], established primarily for personal, family, or household purposes. 15 U.S.C. § 1693a(2); see id. § 1681a(r)(4) (incorporating definition of "account" set forth in Electronic Funds*

*Transfer Act*)." For the court to grant summary judgment to Northland, then, it is not sufficient that Northland sought Bersaw's credit report in connection with the collection of a debt. The evidence must also show that the debt in question satisfied the definition of "account."

18. Discovery will show FBCS violation was not isolated but part of a pattern or practice, as evidenced by multiple consumer complaints lodged against FBCS for similar unauthorized access to consumer reports further demonstrating willfulness.

19. Transunion released the Plaintiff's credit report to FBCS without taking reasonable steps to assure they had a permissible purpose to obtain his report.

20. Transunion places blind trust with its subscribers and releases consumer reports freely to the subscribers if they are paying their subscriber fees.

21. Once Plaintiff learned that his personal information was disclosed to an unauthorized third party, the Plaintiff became worried about his information being stolen or misused and now feels vulnerable as there was a clear invasion of his privacy.

### V. FIRST CLAIM FOR RELIEF
(Defendants FBCS., and Transunion)
15 U.S.C. § 1681 et seq.

22. All preceding paragraphs are re-alleged.

4

23. Transunion violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained for Plaintiff.

24. Transunion violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures designed to avoid furnishing Plaintiff's credit report to FBCS.

25. FBCS violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report for a purpose that is not authorized or permitted under the FCRA.

26. FBCS violated 15 U.S.C. § 1681b(q) by falsely representing its true purpose for obtaining Plaintiff's consumer report.

27. Defendants' actions were intentional or reckless, both which amount to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

28. As a result of Defendants' violations, Plaintiff suffered actual damages, including but not limited to reduce credit score, damage to credit profile and financial reputation, invasion of privacy, mental anguish, emotional distress, and wasted time.

29. Plaintiff is entitled to recover actual damages, statutory damages, costs, and fees from Defendant pursuant to 15 U.S.C. § 1681n and 1681o.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Harris respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendants for:

A. Judgment for the violations occurred for violating the FCRA;

B. Actual or Statutory damages pursuant to 15 U.S.C 1681n(a)(1)(A);

C. Actual damages pursuant to 15 U.S.C 1681o(a)(1);

D. Cost pursuant to 15 U.S.C 1681n(a)(3) and 15 U.S.C 16811o(b);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**/s/Tracy Harris**
Tracy Harris
401 17th St NW, Apt 1302
Atlanta, GA 30363
htracy58@gmail.com
334 318 8807