IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACY HARRIS, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> FBCS, INC., & TRANS UNION, LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action File No. <br> 1:24-cv-00970-MLB-JKL |

## DEFENDANT FBCS, INC.'S ANSWER

COMES NOW, FBCS, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiff brought the claims in bad faith and/or for the purpose of harassment.

### THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

**FOURTH DEFENSE**

Plaintiff lacks standing.

**FIFTH DEFENSE**

Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

**SIXTH DEFENSE**

Plaintiff and Defendant have previously settled a case and the claims alleged in this case were released as part of settlement of that case. See, *Tracy Harris v. FBCS, Inc.,* United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:23-cv-01234-CAP-JKL ("*Harris I*").

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

I. **INTRODUCTION**

1. Defendant denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

## II.   JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.

## III.   PARTIES

4. Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

## IV.   FACTS OF THE COMPLAINT

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant admits that in October 2022 it accessed Plaintiff's credit report.[1]

---

[1] On June 8, 2023, Plaintiff signed a settlement agreement in which he released Defendant from "from any and all claims and causes of action of any kind whatsoever, at common law, statutory, or otherwise that Consumer has or might have, known or unknown, from the beginning of time to date of execution below…" Defendant's alleged impermissible credit pull occurred prior to June 8, 2023, therefore, any claim related to that action was released.

9. Defendant denies the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.[2]

12. Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. The allegations contained in Paragraph 16 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

---

[2] In *Harris I*, Plaintiff alleged Defendant was attempting to "collect on an alleged debt from Vivint Smart Homes in the amount of $707.09." Harris I, Doc. 1, ¶ 8.

17. Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

## V.   FIRST CLAIM FOR RELIEF
### (Defendants FBCS., and Trans Union)
### 15 U.S.C. § 1681 et seq.

22. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and the relief requested by the Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of April 2024.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant FBCS, Inc.*

4855 River Green Parkway

Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRACY HARRIS, ) | |
| ) | |
| Plaintiff ) | Civil Action File No. |
| ) | 1:24-cv-00970-MLB-JKL |
| vs. ) | |
| ) | |
| FBCS, INC., & TRANS UNION, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed Defendant FBCS, Inc.'s Answer with the Clerk of Court using the CM/ECF system and served a copy of same by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Tracy Harris
401 17th St NW, Apt 1302
Atlanta, Georgia 30363

Respectfully submitted this 6th day of April 2023.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*